UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-102-KAC-JEM |
| | ) | |
| EDGAR MARTINEZ-GRAMAJO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Edgar Martinez-Gramajo's Unopposed Motion to Continue Trial Date and Relevant Deadlines [Doc. 14], which he filed on August 10, 2026.

Defendant asks the Court to continue all relevant deadlines and the trial date in his case, which is currently set for trial on September 8, 2026 [*Id.*]. In support, Defendant explains his counsel has been involved in a good faith effort to resolve his case, but additional time is needed to further communicate with Defendant, discuss factual and legal issues, and confer with the Government regarding a potential resolution [*Id.* ¶ 1]. Defendant states he understands his speedy trial rights and that the period between the filing of his motion and a rescheduled court date will be fully excludable [*Id.* ¶ 3]. Defendant also states that the Government does not oppose the requested continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in

18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to communicate with Defendant, discuss legal and factual issues, and confer with the Government regarding a potential resolution, and if not successful, prepare for trial. The Court finds that this cannot occur before the September 8, 2026, trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Trial Date and Relevant Deadlines [**Doc. 14**]. The trial date is reset to **December 8, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on August 10, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Trial Date and Relevant Deadlines [**Doc. 14**] is **GRANTED**;

(2) the trial date is reset to commence on **December 8, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **August 10, 2026**, and the new trial date of **December 8, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 6, 2026**;

(5) the deadline for filing motions *in limine* is **November 23, 2026**, and responses to motions *in limine* are due on or before **December 1, 2026**;

2

(6)  the parties are to appear before the undersigned for a final pretrial conference on **November 24, 2026, at 1:30 p.m.**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 27, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3